**NATIONAL–SOUTHWIRE ALUMINUM COMPANY, Petitioner,**

**v.**

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 80–1377.**

United States Court of Appeals, Sixth Circuit.

Nov. 2, 1981.

Walter O. Lambeth, Jr., Elarbee, Clark & Paul, Atlanta, Ga., for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D.C., for respondent.

Before EDWARDS, Chief Judge, and MERRITT and BROWN, Circuit Judges.

## ORDER

This case is before the court on a petition to review and set aside or modify an order of the National Labor Relations Board and the cross-application of the Board for enforcement of its order. Reference is made to the decision and order by the Board, reported at 247 N.L.R.B. No. 175, for a recitation of the pertinent facts.

Upon consideration, the court concludes that the contested portions of the Board's order are overbroad. Those portions, as written, might be read as prohibiting management conduct that is not proscribed by the National Labor Relations Act.

■ The portion requiring petitioner to cease and desist from threatening terminations because of union stickers on plant equipment would have the effect of exempting union stickers from any future company neutral policy against placing any stickers on company property. The Act would not prohibit such a neutral policy, unless it were enforced in a discriminatory manner.

■ Similarly, the portion which prohibits assigning Martin Howard and Bruce Tongate to any duties other than the normal duties of employees in their classification would improperly prevent petitioner from making such assignments under any circumstances, not merely in retaliation for union activity. Moreover, this portion of the order is unnecessary, since an unchallenged provision of the order clearly requires petitioner to cease and desist from making undesirable assignments to employees because of their union activities. This portion of the Board's order

requires petitioner to cease and desist from: "assigning employees to more menial or less desirable job tasks because of their union activities and sympathies."

Accordingly, it is ORDERED that:

(1) That portion of the order which requires petitioner to cease and desist from "Threatening terminations because of union stickers on plant mobile units and equipment," be changed to read, "Threatening terminations because of union stickers on plant mobile units or equipment, except in enforcement of a uniform policy applied to all stickers on such equipment."

(2) That portion of the Notice to Employees which reads, "WE WILL NOT threaten employees with discharge because of union stickers on plant equipment or mules," be changed to read, "WE WILL NOT threaten employees with discharge because of union stickers on plant equipment or mules, except in enforcement of a uniform policy applied to all stickers on such equipment."

(3) That portion of the order which requires petitioner to, "Give assurances to Martin Howard and Bruce Tongate that they will only be required to perform the normal and usual duties of employees in the metal workers classification" be deleted. That portion of the Notice to Employees which reads, "WE WILL give affirmative assurances to MARTIN HOWARD and BRUCE TONGATE that they will only be required to perform the normal and usual duties of employees in their classification, and that no less desirable job tasks such as cleaning the break-room will be assigned to them," be changed to read, "WE WILL NOT assign employees to more menial or less desirable job tasks because of their union activities or sympathies."

IT IS SO ORDERED.